Douglas A. Linde, SBN 217584 (dal@linde.law)
Erica Allen Gonzales, SBN 234922 (eag@linde.law)
**THE LINDE LAW FIRM**
6701 Center Drive West, Suite 610
Los Angeles, California  90045
(310) 203-9333; (310) 203-9233 FAX

Attorneys for Plaintiff
ELIS EMMANUEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIS EMMANUEL individually and as successor-in-interest of TAEVONTE ART EMMANUEL deceased,<br><br>            Plaintiff,<br><br>     vs.<br><br>CITY OF ANAHEIM; ANAHEIM POLICE DEPARTMENT, public entities; and DOES 1 through 50, individually and as a peace officers, inclusive,<br><br>            Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Civil Rights Violations – Excessive Force Under Color of Law (42 U.S.C. § 1983)**<br>**2. Civil Rights Violations – Substantive Due Process (42 U.S.C. § 1983)**<br>**3. Wrongful Death (Civ. Proc. Code § 377.60(b))**<br>**4. Violation of California Civil Rights Act (Cal. Civil Code §51.7, 52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff ELIS EMMANUEL and alleges against Defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT and DOES 1-50, inclusive, as follows:

## JURISDICTION AND VENUE

1.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Orange, California.

## PARTIES

3. At all relevant times, decedent, TAEVONTE ART EMMANUEL, (hereinafter, "TAEVONTE EMMANUEL" or "Decedent EMMANUEL"), was a resident of County of Orange, California.

4. At all relevant times, Plaintiff, ELIS EMMANUEL, was an individual residing in County of Orange, California, and was the wife of TAEVONTE EMMANUEL.

5. At all times herein mentioned, defendant CITY OF ANAHEIM was and is a public entity duly organized and existing as such under the laws of and in the State of California.

6. Defendant ANAHEIM POLICE DEPARTMENT is an agency of Defendant CITY OF ANAHEIM and Defendant CITY OF ANAHEIM is a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services*, (1978) 436 U.S. 658, 691. Under California Government Code § 815.2(a), Defendant CITY OF ANAHEIM is liable for any and all wrongful acts hereinafter complained of committed by any of the individual officer defendants.

7. Defendants have not released the involved officers' names to the public. At all times herein mentioned the involved officers were acting under the color of law.

8. The term Defendants as used herein shall refer to CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, the officers involved in the interaction giving rise this Complaint, and DOES 1-50.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

- 2 -
**COMPLAINT FOR DAMAGES**

10. The incident complained of occurred on December 12, 2019, at approximately 9:15 p.m., in an apartment complex near the intersection of East Street and Lincoln Avenue in the City of Anaheim, State of California. Defendants have assigned the matter number 19-183477.

11. Some of TAEVONTE EMMANUEL's interactions with Defendants on December 12, 2019, were recorded on video including officer body worn cameras. Defendants have released select clips from the footage to the public by way of posting an edited compilation of some of the footage on their YouTube channel and issuing an accompanying press release.

12. Prior to Defendants' physical struggle with TAEVONTE EMMANUEL, he posed no imminent threat of death or serious physical injury to Defendants, or any of them.

13. Prior to Defendants' physical struggle with TAEVONTE EMMANUEL, he informed Defendants that he was unwilling to speak to them.

14. At all times, Defendants, and each of them, were aware that TAEVONTE EMMANUEL had a well-established Constitutional right to decline to speak to them, and they could not retaliate against TAEVONTE EMMANUEL for choosing to exercise that right.

15. Prior to Defendants' physical struggle with TAEVONTE EMMANUEL, Defendants never saw TAEVONTE EMMANUEL holding a weapon.

16. Prior to Defendants' physical struggle with TAEVONTE EMMANUEL, he never brandished a weapon against any of the Defendants.

17. Prior to Defendants' physical struggle with TAEVONTE EMMANUEL, he was standing in the garage staircase, with walls to his left and right, with two City of Anaheim police officers, including the supervising officer, in front of him and one City of Anaheim police officer behind him.

18. Prior to Defendants' physical struggle with TAEVONTE EMMANUEL, Defendants were aware that they outnumbered TAEVONTE EMMANUEL.

**COMPLAINT FOR DAMAGES**

19. Prior to Defendants' physical struggle with TAEVONTE EMMANUEL, Defendants were aware that they had TAEVONTE EMMANUEL effectively surrounded.

20. Prior to Defendants' physical struggle with TAEVONTE EMMANUEL, the supervising officer stated to TAEVONTE EMMANUEL "This is nothing, don't make it more than it needs to be."

21. Prior to Defendants' physical struggle with TAEVONTE EMMANUEL, the officer standing to TAEVONTE EMMANUEL'S rear signaled to the supervising officer, who was standing in front of TAEVONTE EMMANUEL that he could make physical contact with the decedent in order to subdue him. The supervising officer responded "Yes . . . yes."

22. Thereafter, the officer approaching from the rear made physical contact with the TAEVONTE EMMANUEL. At approximately the same time, the supervising officer made physical contact with TAEVONTE EMMANUEL from the front.

23. TAEVONTE EMMANUEL felt threatened at being approached in this way and a violent struggle ensued, ultimately leading to TAEVONTE EMMANUEL'S death.

24. Because the Defendants had TAEVONTE EMMANUEL both outnumbered and effectively surrounded, and because TAEVONTE EMMANUEL did not pose a threat of violence to the officers, instead of multiple officers initiating physical contact with TAEVONTE EMMANUEL from multiple directions, the Defendants could have and should have continued communicating with him in an effort to deescalate the situation.

25. By initiating such physical contact, Defendants needlessly escalated the incident and made "it more than it needs to be."

26. Defendants, under color of authority, used excessive force upon TAEVONTE EMMANUEL by escalating this incident to the point where deadly force was used.

27. The search and seizure and the use of deadly force was excessive and objectively unreasonable under the circumstances. The escalation of the incident and use of

deadly force by Defendants demonstrated a deliberate indifference to the health and safety of TAEVONTE EMMANUEL that shocks the conscience.

28. As a direct result of the physical altercation with Defendants herein, TAEVONTE EMMANUEL died. Defendants' actions caused TAEVONTE EMMANUEL to lose his life and Plaintiff ELIS EMMANUEL to lose her husband.

29. TAEVONTE EMMANUEL did not die immediately.

## FIRST CLAIM FOR RELIEF

**(Violation of Civil Rights – Excessive Force Under Color of Law, 42 U.S.C. § 1983)**

30. Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

31. Decedent EMMANUEL had a cognizable interest under the Fourth Amendment of the United States Constitution to not be subjected to excessive force while being detained or arrested by Defendants and Plaintiff herein had a cognizable right under the Fourteenth Amendment of the United States Constitution to be free from unwarranted State intervention in Plaintiff's familial relationship with EMMANUEL.

32. On December 12, 2019, and prior thereto, Plaintiff was dependent upon Decedent EMMANUEL for the necessities of life including, but not limited to, support that aided Plaintiffs in obtaining shelter, clothing, food, medical treatment and other necessities that one cannot and should not do without.

33. On July 2, 2016, Defendants each intentionally restrained TAEVONTE EMMANUEL, leading to a struggle, resulting in his death.

34. The force applied to decedent EMMANUEL by Defendants was in excess of the amount of force a reasonable police officer would have used under similar circumstances.

35. The acts and omissions of Defendants as described herein violated the rights of decedent EMMANUEL under the Fourth Amendment of the United States Constitution to

not be subjected to excessive force while being detained or arrested and deprived Plaintiff ELIS EMMANUEL of her rights under the Fourteenth Amendment of the United States Constitution of familial relationship with TAEVONTE EMMANUEL.

36. As a direct and legal result of the acts and omissions of Defendants, and each of them, as police officers under color of law, Plaintiff ELIS EMMANUEL suffered mental anguish and pain, and has further been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance of Decedent EMMANUEL. Plaintiff also claims funeral and burial expenses and loss of financial support.

37. The aforesaid acts and omissions of Defendants, and each of them, were done knowingly, intentionally and for the purpose of depriving TAEVONTE EMMANUEL of his Constitutional rights in reckless and callous disregard of the same, and by reason thereof, punitive damages should properly be awarded against each individual defendant (and not against defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT) in an amount according to proof.

## SECOND CLAIM FOR RELIEF
### (Substantive Due Process – 42 U.S.C. § 1983)

38. Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

39. Decedent EMMANUEL and Plaintiff ELIS EMMANUEL had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with Decedent EMMANUEL.

40. Plaintiff ELIS EMMANUEL was dependent upon Decedent EMMANUEL at the time of decedent's death for the necessaries of life, including but not limited to support

that aided plaintiffs in obtaining the things, such as shelter, clothing, food and medical treatment, which one cannot and should not do without.

41. Decedent EMMANUEL had a cognizable interest under the Due Process Clause of the 14th Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

42. As a direct and legal result of the unreasonable search and seizure and excessive force by Defendants and failure to intervene, TAEVONTE EMMANUEL died. Plaintiff was thereby deprived of her constitutional right of familial relationship with TAEVONTE EMMANUEL.

43. The above described actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff ELIS EMMANUEL and TAEVONTE EMMANUEL. Defendants further acted with purpose to harm unrelated to and unjustified by any legitimate law enforcement objective, in that Defendants were acting to retaliate against TAEVONTE EMMANUEL, among other things, their belief that TAEVONTE EMMANUEL exercised his Constitutional right not to speak to them.

44. As a direct and legal result of the acts and omissions of Defendants, and each of them, as police officers under color of law, Plaintiff ELIS EMMANUEL suffered mental anguish and pain, and has further been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance of Decedent EMMANUEL. Plaintiff also claims funeral and burial expenses and loss of financial support.

45. The aforesaid acts and omissions of Defendants, and each of them, were done knowingly, intentionally and for the purpose of depriving TAEVONTE EMMANUEL of his Constitutional rights in reckless and callous disregard of the same, and by reason thereof, punitive damages should properly be awarded against each individual defendant

(and not against defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT) in an amount according to proof.

## THIRD CLAIM FOR RELIEF

### (Wrongful Death – Civ. Proc. Code § 377.60(b))

46. Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

47. Plaintiff will present to defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT a Government Claim based on the acts, omissions, damages and injuries herein complained of, with Plaintiff anticipates Defendants will reject.

48. Plaintiff brings this action for wrongful death pursuant to the provisions of Code of Civil Procedure § 377.60(b) in that, at the time of decedent EMMANUEL's death, Plaintiff was dependent upon decedent for the necessaries of life, including but not limited to support that aided Plaintiff in obtaining the things, such as shelter, clothing, food and medical treatment, which one cannot and should not do without.

49. At or about the aforementioned time, date and place, Defendants intentionally, negligently and recklessly killed TAEVONTE EMMANUEL thereby depriving decedent of his life without due process of law in violation of his Constitutional rights under the First, Fourth and Fourteenth Amendments and the Constitution of the State of California.

50. By reason of the aforesaid acts and omissions of Defendants, Plaintiff has been and will forever be deprived of the love, affection, society, companionship, support and pecuniary benefits of decedent, all to Plaintiff's damage according to proof at trial.

51. As a further proximate result of the aforesaid acts and omissions by defendants and the death of decedent, Plaintiff has incurred funeral and burial expenses in an amount to be proven at trial.

52. The aforesaid acts and omissions of Defendants, and each of them, were done knowingly, intentionally and for the purpose of depriving TAEVONTE EMMANUEL of

1 his Constitutional rights in reckless and callous disregard of the same, and by reason
2 thereof, punitive damages should properly be awarded against each individual defendant
3 (and not against defendants CITY OF ANAHEIM and ANAHEIM POLICE
4 DEPARTMENT) in an amount according to proof.

## FOURTH CLAIM FOR RELIEF

### (Violation of California Civil Rights Act)

53. Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

54. On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Section 51.7, 52.1 (a)(b).

55. As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

56. As a further proximate result of the aforesaid acts and omissions by defendants and the death of decedent, plaintiffs have incurred funeral and burial expenses in an amount to be proven at trial.

57. The aforesaid acts and omissions of Defendants, and each of them, were done knowingly, intentionally and for the purpose of depriving TAEVONTE EMMANUEL of his Constitutional rights in reckless and callous disregard of the same, and by reason thereof, punitive damages should properly be awarded against each individual defendant (and not against defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT) in an amount according to proof.

## PRAYER FOR RELIEF

- 9 -

**COMPLAINT FOR DAMAGES**

Plaintiff prays for judgment on all causes of action against Defendants, and each of them, as follows:

1. For general damages in a sum according to proof;
2. For special damages according to proof, including but not limited to funeral and burial expenses;
3. For damages suffered by decedent TAEVONTE ART EMMANUEL prior to his death;
4. For the loss of decedent TAEVONTE ART EMMANUEL's life;
5. For pre-judgment interest as allowed by law;
6. For punitive damages and treble damages as provided by law against each individual defendant;
7. For attorney's fees pursuant to 42 U.S.C. § 1988, California Civil Code 52.1(h) and any other applicable statute;
8. Statutory damages as allowed by law;
9. For costs of suit incurred herein; and
10. For such other and further relief as the court may deem proper.

Dated: March 9, 2020            **THE LINDE LAW FIRM**

*[signature]*

Douglas A. Linde
Erica A. Gonzales
Attorneys for Plaintiff,
ELIS EMMANUEL

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

Dated: March 9, 2020          **THE LINDE LAW FIRM**

_____
Douglas A. Linde
Erica A. Gonzales
Attorneys for Plaintiff,
 ELIS EMMANUEL